## LADY FRANKLIN MIN. CO. *v.* DELANEY.

*(Supreme Court of New Mexico. January 8, 1887.)*

ACTION OR SUIT—CHANGE OF VENUE—GROUNDS FOR—ORGANIZED COMBINATION.

An application for a change of venue, under Code N. M. § 1833, will not be granted on the ground that a fair trial cannot be had within the county where the action is brought, if the affidavits do not set forth facts sufficient to sustain the application;

and where the plaintiffs in an action of replevin own a mine from which the ore in controversy came, and the application is made on the ground that an organized combination was continually stealing ore from the mine, it ought to be shown of what persons this combination was composed, and in what manner they were trying to influence the action of the jury.

Appeal from district court, Sierra county.
Replevin. Judgment for defendant. Plaintiffs appeal.
*J. Morris Young* and *Masterson & Woodward,* for appellants.  *Elliott, Pickett & Elliott,* for appellee.

LONG, C. J.  This cause is submitted on a motion by the appellee to strike from the files the record, and also on the merits.  As the assignment of error is properly made, the motion to strike out must be overruled, and the cause considered on the error assigned.

The single point argued by the appellant in its brief, and therefore the only one necessary to be considered, is the action of the court in overruling the appellant's motion in the court below for a change of venue from the county. The proceeding taken on the application for change of venue is shown by the following from the record:

"THIRD JUDICIAL DISTRICT COURT, SIERRA COUNTY, NEW MEXICO.—
November Term, A. D. 1886.

"*Moses Thompson and Trueman F. Chapman, doing Business under the Firm Name and Style of the Lady Franklin Mining Company, Plaintiffs,* vs. *James Delaney, Defendant.*

"Replevin.  Damages $2,000.

"Come now the plaintiffs, by their attorney J. Morris Young, and petition this honorable court to grant a change of venue in the above-entitled cause to some other county, and for cause allege as follows, to-wit: (1) That plaintiffs are the owners in charge of the Lady Franklin mine, from which they alleged that the mineral in contest in this cause was originally and wrongfully taken; (2) that a large quantity of the ores produced by said mine, and of great value, to-wit, of the value of many thousands of dollars, has been, and is being continually, stolen from plaintiffs by organized combinations of persons, who are in sympathy with, and directly and indirectly interested or benefited thereby, whose influence, though secret, is extended and constantly realized, and has been thus far efficient in promoting such losses; (3) that the question of such losses to the plaintiffs, and their continuances, has been the subject of extended public comment; that the attempts of plaintiffs to arrest such losses have been earnest and determined, and met with defiance and personal menace.

"Wherefore, and that justice may be done, plaintiffs pray that a change of venue may be granted, and ordered to some other county free from secret influence, interests, and prejudice.
                              "J. MORRIS YOUNG, Attorney for plaintiffs."

"*County of Sierra, Territory of New Mexico,— ss.:*  The undersigned, Moses Thompson, one of the members of the above-entitled Lady Franklin Mining Company, for himself, and for and in behalf of said company, and Willard S. Hopewell and Jesse Thompson, being first duly sworn, on their oath, declare and state that they have good reason to believe, and do verily believe, that the allegations in the above and foregoing petition are each and severally true, and that plaintiffs cannot have a fair and impartial trial in this cause in said county of Sierra.                    MOSES THOMPSON,
         "One of the partners of the Lady Franklin Mining Company,
                              "WILLARD S. HOPEWELL, and
                              "JESSE E. THOMPSON.

"Subscribed and sworn to before me this ninth day of November, A. D. 1886.
"G. M. FULLER,
"Justice of the Peace, Precinct No. 2, Sierra County, New Mexico."

Upon which petition for change of venue is indorsed to-wit:
"Filed in my office this ninth day of November, A. D. 1886.
"W. J. JOBLIN, Clerk."

Which motion, being taken up by the court, was by the court duly overruled, to which ruling of the court the plaintiffs then and there duly excepted.

The declaration was filed during the April term, A. D. 1886, of the district court, and the writ made returnable at the next ensuing November term, at which time the foregoing action was taken. Two sections of the Compiled Laws must control this question:

"Sec. 1833. The venue, in all cases, both civil and criminal, shall be changed to some county, free from exceptions, whenever the judge is interested in the result of such cause; and may be changed in any case in which it shall appear that either party cannot have justice done him at a trial in a county in which such case is then pending, or for any other proper cause satisfactory to the judge before whom the motion was made.

"Sec. 1834. A second change of venue shall not be allowed in any civil or criminal case as a matter of right, but shall be within the discretion of the court."

Under the second clause of section 1833, which is the one applicable here, when it is made to appear by sufficient showing, that the applicant cannot have a fair and impartial trial in the county where the cause is pending, it is the duty of the trial court, on motion, to change the venue. Is it a proper construction of this statute that the venue shall be changed on the sworn statement of a party that he believes he cannot have a fair trial within the county, without a showing of facts to sustain such belief? If so, it will become easy to procure changes of venue. It would be difficult, if not impossible, to establish perjury on such an affidavit, even in the most reckless cases. The better construction is that the applicant shall show facts and circumstances by affidavit, that the court 'may examine them, and in that way determine whether he can have justice done him within the county.

In applications for continuance, where it is necessary to establish that diligence has been used to procure the attendance of an absent witness, it is not sufficient that the applicant swear that he has used due diligence, but he must specifically set out the facts, that the court may from them determine the question of diligence. So, in applications for change of venue, it is not sufficient to aver in the affidavit that affiant cannot have a fair trial within the county. Whether he can or cannot have such a trial is to be determined by the court from the existing circumstances, and they must be fully and clearly set forth.

Where a party asking for a change of venue shows to the court, by affidavit, such a state of feeling or prejudice against him in the county, or any other facts, making it clear and apparent that he cannot have a just trial, and a change of venue is denied, the cause should be reversed, and the venue changed.

It appears from the proofs in this case that the plaintiffs own a mine, from which the ore in controversy came; that an organized combination of persons was continually stealing ore from the mine. Who or how many persons were in this combination does not appear. Whether they lived in Sierra or some other county is not shown. It is not stated that the defendant was a member of the combination, or that the persons composing the same were taking any interest in this case, or were trying to create a public opinion

against the plaintiffs, or to arouse opposition to it, or were in any way trying to influence the action of the jury, or might do so. If there was an organized combination to steal ore from plaintiffs, it cannot be presumed, without undue reflection upon the citizens of Sierra, that such combination could have large influence. An organized body of thieves, operating in secret, is not likely to so influence public opinion as to obstruct justice in the courts. The fact that ore was being stolen from the plaintiffs would probably create a sympathy favorable to plaintiffs, rather than prejudice. Upon a careful consideration of the facts shown in the affidavit, it does not appear that any cause existed for the motion to change the venue.

It was the duty of the trial court to reject the application, because of an entire absence of facts sufficient to sustain it. This view of the case renders it unnecessary to consider whether the affidavit was or was not filed in time. If the motion must be overruled because no facts are shown to support it, then the matter of time becomes wholly immaterial.

There is no error in the record. The judgment below is affirmed, and the costs taxed against the appellant.

BRINKER, J., concurs.